UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| TOAN NGUYEN, | : | CIVIL NO: 3:13-CV-00838 |
| Petitioner | : | |
| | : | (Judge Mannion) |
| v. | : | |
| | : | (Magistrate Judge Schwab) |
| ATTORNEY GENERAL ERIC HOLDER, | : | |
| | : | |
| Respondent | : | |
| | : | |

# REPORT AND RECOMMENDATION

## I. Introduction.

Because the petitioner, Toan Nguyen, has been removed from the United States, this habeas corpus case in which Nguyen challenges his immigration detention is moot. Thus, we recommend that the petition be dismissed and that the case file be closed.

## II. Factual Background and Procedural History.

On April 3, 2013, Nguyen filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. At the time he filed his petition, Nguyen was in the custody of the United States Immigration and Customs Enforcement. He challenged his detention pending removal from the United States, and he sought his release from custody.

The respondent filed a Suggestion of Mootness stating that, on June 10, 2013, ICE removed Nguyen from the United States. Because Nguyen has been removed from the United States, the respondent asserts that Nguyen's petition for a writ of habeas corpus challenging his detention pending his removal is moot. On July 22, 2013, we ordered that, if Nguyen does not agree that his petition is moot, he should file a reply to the respondent's Suggestion of Mootness on or before August 5, 2013. Nguyen has not filed a reply, and, a copy of the Order of July 22, 2013, that was sent to him was returned as undeliverable.

### III. Discussion.

Article III of the Constitution provides that the judicial power of the United States shall extend to "cases" and "controversies." U.S. Constitution, art. III, §2. "[F]ederal courts may adjudicate only actual, ongoing cases or controversies," *Lewis v. Cont'l Bank Corp.*, 494 U.S. 472, 477 (1990), and "[i]t is a basic principle of Article III that a justiciable case or controversy must remain 'extant at all stages of review, not merely at the time the complaint is filed.'" *United States v. Juvenile Male*, 131 S. Ct. 2860, 2864 (2011)(quoting *Arizonans for Official English v. Arizona*, 520 U.S. 43, 67 (1997)). "Federal courts may not 'decide questions that cannot affect the rights of litigants in the case before them' or give 'opinion[s] advising what the law would be upon a hypothetical state of facts.'" *Chafin v.*

*Chafin*, 133 S. Ct. 1017, 1023 (2013)(quoting *Lewis, supra,* 494 U.S. at 477). "A case becomes moot—and therefore no longer a 'Case' or 'Controversy' for purposes of Article III—'when the issues presented are no longer "live" or the parties lack a legally cognizable interest in the outcome.'" *Already, LLC v. Nike, Inc.*, 133 S. Ct. 721, 726-27 (2013)(quoting *Murphy v. Hunt,* 455 U.S. 478, 481 (1982)).

This case is moot. In his habeas petition, Nguyen sought release from custody pending his removal from the United States. Since Nguyen has been removed from the United States and is no longer in ICE custody, this court cannot provide him any relief in this habeas case. So his petition challenging his detention is now moot. *See Nunes v. Decker,* 480 F.App'x 173, 175 (3d Cir. 2012)(holding that petitioner's release from immigration detention rendered habeas petition moot).

## IV. <u>Recommendation</u>.

Accordingly, for the foregoing reasons, **IT IS RECOMMENDED** the petition for a writ of habeas corpus be dismissed as moot and that the case file be closed.

The Parties are further placed on notice that pursuant to Local Rule 72.3:

Any party may object to a magistrate judge's proposed findings, recommendations or report addressing a motion or matter described in 28 U.S.C. § 636 (b)(1)(B) or making a recommendation for the disposition of a prisoner case or a habeas corpus petition within fourteen (14) days after being served with a copy thereof.  Such party shall file with the clerk of court, and serve on the magistrate judge and all parties, written objections which shall specifically identify the portions of the proposed findings, recommendations or report to which objection is made and the basis for such objections.  The briefing requirements set forth in Local Rule 72.2 shall apply.  A judge shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made and may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge.  The judge, however, need conduct a new hearing only in his or her discretion or where required by law, and may consider the record developed before the magistrate judge, making his or her own determination on the basis of that record.  The judge may also receive further evidence, recall witnesses or recommit the matter to the magistrate judge with instructions.

Submitted this 15th day of August, 2013.

*S/Susan E. Schwab*
Susan E. Schwab
United States Magistrate Judge